The document below is hereby signed.

Signed: April 6, 2015



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LORRAINE DEBRA RILEY, | ) | Case No. 14-00482 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND
<u>PRELIMINARY ORDER RE MOTION TO REOPEN CASE</u>

The debtor seeks to reopen this case to pursue a motion to avoid pursuant to 11 U.S.C. § 522(f) a lien on her condominium unit held by the condominium association (Capitol Park II Condominium, Inc.). The association opposes the motion.

I

Relying on *Ostroff v. Am. Home Mortg. (In re Ostroff)*, 433 B.R. 442 (Bankr. D.D.C. 2010), the association argues that this court lacks subject matter jurisdiction. That case, however, dealt only with the issue of "related to" jurisdiction under 28 U.S.C. § 1334(b) over a lien validity issue in a no-asset case. Subject matter jurisdiction here would exist under § 1334(b) because the debtor's request for § 522(f) relief "arises under" the Bankruptcy Code.

II

Similarly, the association's invocation of the *Rooker-Feldman* doctrine (based on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 68 L. Ed. 362, 44 S. Ct. 149 (1923)) is misplaced because the state court lien litigation here did not and could not result in an adjudication of the debtor's § 522(f) rights, as only the bankruptcy court has jurisdiction to grant § 522(f) relief. Thus, in granting § 522(f) relief, this court would be enforcing the debtor's right to avoid the lien and not reviewing the correctness of the state court's order decreeing the existence of the lien.  In contrast to *Keeler v. Acad. of Am. Franciscan History, Inc. (In re Keeler)*, 273 B.R. 416, 421-22 (D. Md. 2002), cited by the association, the court would not be, in effect, sitting as an appellate court over the state trial court in contravention of the *Rooker-Feldman* doctrine.

III

The association opposes the motion to reopen on the basis that the lien is a statutory lien and not a judicial lien despite the existence of a judgment decreeing the existence of the lien. Before the court reopens the case, the court will require the debtor to show that, as a matter of law, the lien is a judicial lien.  It would make no sense to reopen the case if the lien, as

a matter of law, is not avoidable.

                              IV

The association also requests the court to condition reopening on the payment of attorney's fees that the association has incurred after the closing of the debtor's bankruptcy case, citing *In re Nash*, 2002 WL 862464 (Bankr. D.D.C. May 6, 2002). However, that issue will be moot if the court declines to reopen the case on the basis, raised by the association, that as a matter of law the lien is not a judicial lien subject to avoidance.

It is only if the court determines that the lien is avoidable that the association would be substantially prejudiced by the reopening of the case and the entry of an order avoiding the lien.  If the court determines that the lien is *not* avoidable as a matter of law, the association will be in substantially the same position as it would have been if the debtor had pursued the § 522(f) request before the closing of the case: it already incurred attorney's fees and costs in opposing the pre-closing § 522(f) request, and renewing that opposition (as part of its opposition to the motion to reopen) ought not have entailed substantial fees.  So the debtor's obtaining an adjudication of the legal issue of whether the lien is avoidable (without actually avoiding the lien if it *is* avoidable) ought not be conditioned on paying such attorney's fees and costs.  For that

                               3

reason, and although ordinarily the court would not address the merits of the § 522(f) relief sought by a debtor in a closed case without first reopening the case, it makes sense here to address the legal viability of the debtor's § 522(f) request prior to reopening the case.

V

It is thus

ORDERED that within 14 days after entry of this order the debtor shall file a memorandum addressing the association's contention that the lien at issue is, as a matter of law, not a judicial lien avoidable under § 522(f).  It is further

ORDERED that within 7 days after the filing of the debtor's memorandum, the association (Capitol Park II Condominium, Inc.) may file a reply.

[Signed and dated above.]

Copies to: All attorneys who have entered an appearance in the bankruptcy case and who are registered e-filers.